IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO MELENDEZ-PEREZ,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | CIVIL NO. 04-2406(DRD)<br>re: Criminal No. 98-164-3(DRD)<br><br>Section 2255 |

## OPINION AND ORDER

Pertinent Procedural Background

On May 11, 2000, a Grand Jury of this district returned a fifteen-count superseding indictment charging petitioner Ricardo Meléndez Pérez (petitioner) with: conspiracy to possess heroin with intent to distribute and to conceal the profits stemming therefrom (Count One); carrying and using a firearm during and in relation to a drug trafficking crime, causing the death of another through the use of said firearm (Count Two); aiding and abetting in conducting or attempting to conduct financial transactions involving the proceeds of unlawful drug trafficking activities for the purpose of concealing and disguising the nature of said proceeds (Counts Six thru Twelve); aiding and abetting in structuring the aforementioned financial transactions so as to avoid the reporting requirements prescribed by the Secretary of the Treasury (Count Thirteen). All in violation of: 18 U.S.C. §§ 924(j) and (2), 1111, and 1956(a)(1)(B)(i) and (2); 21 U.S.C. § 846; 31 U.S.C. §§ 5322(b) and 5324(3); and, 18 U.S.C. § 2. (Docket No. 228).[1]

---

[1] All references are to the Criminal Docket, unless otherwise noted.

Civil No. 04-2406(DRD)  Page -2-
re: Criminal No. 98-164-3(DRD)

On August 2, 2002, pursuant to Fed. R. Crim. P. 11(e)(1)(C),[2] petitioner entered into a "Type C" Plea Agreement with the government whereby he pled guilty to Count One of the second Superseding Indictment. The Court ordered entry of a plea of guilty pursuant to a hearing. (Docket Nos. 518-520, 617).

On November 15, 2002, with the benefit of a Presentence Investigation Report (PSI) (Docket No. 535) and pursuant to the "Type C" Plea Agreement between the parties, judgment was entered sentencing petitioner to serve a term of 144 months of imprisonment as to Count One of the second Superseding Indictment, followed by a term of supervised release of 5 years; a special monetary assessment was also imposed. The remaining counts pending against the petitioner where dismissed accordingly. (Docket Nos. 541-42).

Prior to the petition now before the Court (Docket No. 604), which was filed on December 17, 2004, petitioner did not appeal or move to collaterally attack his conviction and sentence.

Petitioner's Request for Relief

On December 17, 2004, petitioner filed a pro se motion for relief from his judgment of conviction and sentence in a pleading entitled "Writ of Habeas Corpus / Modification of Sentence," filed pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c). (Civil Docket No. 1). On November 2005 petitioner retained counsel, who

---

[2] The parties entered into a "Type C" Plea Agreement pursuant to Fed. R. Crim. P. 11(e)(1)(C) (2002) which governs those instances where the parties stipulate that the attorney for the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

Civil No. 04-2406(DRD) Page -3-
re: Criminal No. 98-164-3(DRD)

supplemented petitioner's pro se request for relief on January 2006, shortly after the United States filed its opposition to said request.[3] (Docket Nos. 12-13).

According to the petitioner, it was not until September 2004 when he first learned from other inmates that Amendment 640 to the U.S. Sentencing Guidelines (U.S.S.G.), had entered into effect on November 1, 2002, prior to his November 15, 2002, sentence. In support of his account, petitioner submits a Statement Under Penalty of Perjury subscribed by Jorge L. Arroyo-Alejandro, Esq., the attorney who represented him before this Court, including the plea and sentencing phases of litigation. (Docket No. 13 - attachment). The salient portions of Mr. Arroyo's Statement read as follows:

> On November 15, 2002, the defendant was sentenced to a term of imprisonment of 144 months based on the guideline calculations made without the benefit of the recent Amendment. Due to the recentness of the Amendment, the probation officer, the prosecutor and the subscribing attorney failed to raise the matter before the Court.
>
> During the ten-day period in which to file an appeal, the undersigned was not aware that Amendment 640 had become effective and of its impact on defendant's guidelines calculations.
>
> On or about late October or early November 2004, the defendant contacted me and inquired as to whether he could benefit from this Amendment. I informed him that since he pleaded guilty pursuant to a Type C agreement, Amendment 640 was not applicable to his case.

Amendment 640 to U.S.S.G. § 2D1.1, effective November 1, 2002 (prior to defendant's November 15, 2002 sentencing), provides that, "if the defendant receives

---

[3] The Court notes that the 2002 Change of Plea and Sentencing Hearing transcripts in this case were not filed until December 21, 2005. (Docket Nos. 617-18).

Civil No. 04-2406(DRD)	Page -4-
re: Criminal No. 98-164-3(DRD)

an adjustment under § 3B1.2 (Mitigating Role), the base offense ... shall be not more than level 30." U.S.S.G. App. C, suppl., amend. 640, at 263 (Nov. 2002). "As explained by the Sentencing Commission, this cap was intended to 'respond[] to concerns that base offense levels derived from the Drug Quantity Table in § 2D1.1 overstate the culpability of certain drug offenders who meet the criteria for a mitigating role adjustment under § 3B1.2.'" United States v. Peña-Hernández, 146 Fed. Appx. 499, 500 (1st Cir. 2005) (unplublished).

The petitioner argues that Amendment 640 should have been taken into consideration at the time of sentencing because it was included in the version of the Guidelines in effect at the time of sentencing. Had Amendment 640 been factored into his sentencing computation, it would have resulted in a considerably lower sentence; rather than a 144-month term of imprisonment, petitioner's sentence would have been capped at a base offense level of 30 and a total offense level of 25, with a guideline sentencing range of 57-71 months. Because petitioner did not qualify for the safety valve exception, however, the practical effect of Amendment 640 would have been to cap petitioner's sentence at 120 months, the applicable statutory mandatory minimum.

In view of the situation, petitioner alleges that counsel was ineffective in failing to at least raise the applicability of Amendment 640 at the time of sentencing. Petitioner argues that the ineffectiveness of counsel resulted in both an incorrectly calculated sentence and the deprivation of his right to appeal.

Civil No. 04-2406(DRD)                                                                                     Page -5-
re: Criminal No. 98-164-3(DRD)

<u>The United States' Opposition</u>

The United States' position concerning petitioner's request is two-fold: first, it argues that the request is foreclosed because, having entered into a Type C Plea Agreement, petitioner cannot challenge the stipulated 144-month term of imprisonment; second, it alleges that *arguendo* that Amendment 640 could have been applied, petitioner's challenge to his sentence is time-barred, and thus foreclosed, because the one-year statute of limitations to present such a claim pursuant to Section 2255 expired on December 3, 2003, one year after his unappealed judgment became final.

Having examined the parties' pleadings in light of the record of proceedings and the applicable case law, the petitioner's request for relief is GRANTED, pursuant to the reasons set forth below

## MEMORANDUM OF LAW

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A properly filed motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. <u>See</u>, 28 U.S.C. § 2255.

However, Section 2255 is not available to correct errors which could have been raised on direct appeal, absent a showing of cause and prejudice, <u>see</u>, <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982), or actual innocence. <u>Bousley v. United States</u>,

Civil No. 04-2406(DRD) Page -6-
re: Criminal No. 98-164-3(DRD)

523 U.S. 614, 622 (1998).  Ineffective assistance of counsel may constitute cause and prejudice to overcome procedural default.  Boysiewich v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999).

A one-year period of limitation applies to habeas proceedings by federal prisoners running from the latest of:

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(1)-(4).

To be entitled to equitable tolling, petitioner must "demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" United States v. Battles, 362 F.3d 1195, 1197 (9th Cir.2004), quoting Laws v. LaMarque, 351 F.3d 919, 922 (9th Cir.2003).  However, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing," Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999), and indeed petitioner offers nothing to show that his circumstances were "extraordinary" so as to justify application of equitable tolling.

We cannot ignore, however, that petitioner's request for relief also relies on 18 U.S.C. § 3582(c), which presents a different scenario. When a retroactive amendment reduces the applicable sentencing guideline range Section 3582(c)(2) empowers a district court to modify a prisoner's sentence that would otherwise be final:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 explains the Sentencing Commission's policy concerning the Court's exercise of its discretion under Section 3742(c)(2):

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced...

Petitioner's case does not present an *ex post facto* situation. To the contrary, the case at bar implicates the applicability of an amendment in effect at the time of sentencing. It stands to reason that the Court would not be rendered unable to modify a sentence that was improperly calculated under the Guidelines which were in effect at the time of the sentence, yet be able to modify a sentence based on a subsequently lowered retroactive sentencing range.

Petitioner's core argument is precisely that his sentence was incorrectly calculated because Amendment 640, <u>in effect at the time he was sentenced</u>, was not

Civil No. 04-2406(DRD) Page -8-
re: Criminal No. 98-164-3(DRD)

applied. The government's argument that "even assuming the Amendment was applicable at the time of sentencing, petitioner's request is late" misses the mark. If the Court were to make the assumption proposed by the government, that the Amendment is applicable, the sentence would be erroneous and thus eligible for correction pursuant to Section 3582(c)(2), regardless of Section 2255's time limitations.

We thus turn to the government's only feasible argument, that the Amendment's application is foreclosed by the "Type C" plea agreement. In support of its argument, the government relies on United States v. Moure-Ortíz, 184 F.3d 1, 3-4 (1st Cir. 1999), United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005), United States v. Bernard, 373 F.3d 339, 344 (3rd Cir. 2004), and United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).

According to the government, pursuant to Nguyen, supra, by explicitly and voluntarily exposing himself to a specific sentence under the plea agreement, petitioner foreclosed the possibility of challenging the same. The government further relies in Bernard, supra, in which the Third Circuit Court of Appeals held that Fed. R. Crim. P. 11(c)(1)(C) allows "parties to agree on a specific sentence, or that particular provisions of the guidelines apply or do not apply [and] .., clearly contemplates agreements on sentences that could not be reached by directly applying the Guidelines." Thus, "once a plea agreement with a sentencing stipulation is reached between the parties and accepted by the Court, it must be enforced at sentencing." Id., citing United States v. Goodall, 236 F.3d 700, 705 (D.C. Cir. 2001). See also, United States v. Moure-Ortíz, 184 F.3d 1, 4 (1st Cir. 1999) (holding that plea agreements executed pursuant to Fed.

Civil No. 04-2406(DRD) Page -9-
re: Criminal No. 98-164-3(DRD)

R. Crim. P. 11(c)(1) (C) are binding on the district court).  The Tenth Circuit Court of Appeals summarized the underlying rationale concerning Type C agreements (in the Booker context) holding that a sentence imposed under a Type C plea "arises from the agreement itself, not from the Guidelines."  Silva, supra, citing United States v. Cielowski, 410 F.3d 353, 364-65 (7th Cir. 2005).

Because petitioner's pro se and counseled submissions predate the government's opposition, he has not squarely addressed the government's contention concerning the validity of the parties' agreement to a specific sentence.  Instead, petitioner alleges that the sentence obeyed an erroneous sentencing calculation by the probation officer which was applied by the Court at sentencing.

The Court is well-aware that the case law dictates that having accepted the Type C Plea Agreement, it cannot later reject it and "modify the agreement in accordance with a personal notion of what constitutes a just sentence."  Moure-Ortíz, 184 F.3d at 4. The problem is that such an agreement between petitioner and his lawyer and the United States, once accepted by the Court, established a binding contract concerning the custodial sentence imposed.  In other words, "[h]ere [petitioner's] problem is that Rule 11(e)(1)(C) does not vest the sentencing court with any discretion at all –like the on-off alternatives that are provided by a diode or (in more modern terms) a computer chip, the court is limited to either accepting or rejecting the specific sentence that has been expressly agreed to in the Rule 11(e)(1)(C) plea."  United States v. Dudek, 867 F.Supp. 766, 767 (N.D. Ill. 1994).

In United States v. Carrozza, 4 F.3d 70, 87 (1st Cir. 1994), the First Circuit Court

of Appeals held that, pursuant to U.S.S.G. § 6B1.2(c), a sentencing judge cannot be forced to accept a plea agreement if the agreed-upon sentence falls outside the applicable guideline range. At the time the Court accepted the agreement, it believed that the sentence it would impose, as agreed, would fall as evidently did at the time of the signing of the plea agreement. The Court was, however, unaware that Amendment 640 had been promulgated and submitted to become effective on November 1, 2002 (after the parties entered into the plea agreement but before petitioner was sentenced). See, 28 U.S.C. § 994(p).

At the time it imposed sentence, the Court mistakenly believed that the agreed-upon sentence was within the established sentencing range in effect at the time of sentence. This intervening change in the law was not acknowledged in the PSI, or at the sentencing hearing by either defense counsel or the prosecutor. Certainly, regardless of the binding nature of the agreement between the parties, the applicability and impact of Amendment 640 upon petitioner's sentence deserved at least to be raised and considered for the record as a matter which was both material and relevant to both the Court's decision as to its acceptance of the plea agreement and to the ultimate sentence.

We have found no other instance where another district court has examined this same situation. The most similar instance we have found, and which has been referenced by the petitioner is the case of United States v. Peña-Hernández, 146 Fed. Appx. 499. The court cites the unpublished decision only to show similarity with the present case. In Peña-Hernández, the Court failed to cap the defendant's sentence at

of Appeals held that, pursuant to U.S.S.G. § 6B1.2(c), a sentencing judge cannot be forced to accept a plea agreement if the agreed-upon sentence falls outside the applicable guideline range. At the time the Court accepted the agreement, it believed that the sentence it would impose, as agreed, would fall as evidently did at the time of the signing of the plea agreement. The Court was, however, unaware that Amendment 640 had been promulgated and submitted to become effective on November 1, 2002 (after the parties entered into the plea agreement but before petitioner was sentenced). See, 28 U.S.C. § 994(p).

At the time it imposed sentence, the Court mistakenly believed that the agreed-upon sentence was within the established sentencing range in effect at the time of sentence. This intervening change in the law was not acknowledged in the PSI, or at the sentencing hearing by either defense counsel or the prosecutor. Certainly, regardless of the binding nature of the agreement between the parties, the applicability and impact of Amendment 640 upon petitioner's sentence deserved at least to be raised and considered for the record as a matter which was both material and relevant to both the Court's decision as to its acceptance of the plea agreement and to the ultimate sentence.

We have found no other instance where another district court has examined this same situation. The most similar instance we have found, and which has been referenced by the petitioner is the case of United States v. Peña-Hernández, 146 Fed. Appx. 499. The court cites the unpublished decision only to show similarity with the present case. In Peña-Hernández, the Court failed to cap the defendant's sentence at

Civil No. 04-2406(DRD) Page -11-
re: Criminal No. 98-164-3(DRD)

level 30 pursuant to Amendment 640, in effect prior to sentencing. Although <u>Peña-Hernández</u> pled guilty, it appears he did not enter into a Type C agreement. The government conceded that the error should be corrected under plain error review, whereupon the First Circuit vacated and remanded the sentence allowing the district court to consider the now-advisory Guidelines range along with the other factors enumerated in 18 U.S.C. § 3553(a). Defendant was then resentenced to a custodial sentence of 120 months, the mandatory minimum.[4]

Significantly, codefendant Luis Ginés-Pérez, the main player in the criminal offense, was originally sentenced to serve 228 months in prison pursuant to a Type C Plea Agreement. (Docket No. 545). On remand from the Court of Appeals, Ginés-Pérez entered into a Sentencing Agreement with the government pursuant to which he was resentenced to a term of imprisonment of 132 months. (Docket Nos. 610, 612). It shocks the Court's sense of justice that petitioner, a minor participant compelled to Gines Pérez, is now serving 144 months of imprisonment, a sentence more severe than his more culpable counterpart. (Docket Nos. 541-542).

The Court will not shy away from an unjust situation essentially provoked by its lack of relevant and essential information prior to sentencing. Accordingly, it determines that, in light of the unusual circumstances present in this case, a reduction in the term of imprisonment is warranted and consistent with the now advisory policy statements issued by the Sentencing Commission and with the Court's duty to avoid unwarranted sentencing disparities and maintain the fairness of the proceedings.

---

[4] Pena-Hernández's appeal of the amended judgment (No. 06-1596) is currently pending.

Civil No. 04-2406(DRD)　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page -12-
re: Criminal No. 98-164-3(DRD)

　　　　The Court has pondered and taken this decision, strictly within the confines of this rare and unusual situation, cognizant of the fact that "sentencing disparities resulting from different plea agreements by co-defendants are a legitimate exercise of prosecutorial discretion." <u>United States v. Contreras</u>, 108 F.3d 1255, 1272 (10th Cir. 1997).  In this case, the Court is certain that, because of the unique nature of the situation at bar, its decision to reduce the term of imprisonment does not and will not interfere with the government's exercise of such a discretion.

　　　　Suffice it to say that the Court is convinced that it would have assuredly rejected the plea agreement at sentencing if it had been aware of the effectiveness of Amendment 640.  The Court is also certain that both defense counsel as well as the prosecutor would have also raised the matter before sentencing in good faith as officers of the Court, even if they would have argued against or for the validity of the plea agreement, as the case may be.

　　　　WHEREFORE, all premises considered, petitioner's request for relief is hereby GRANTED.  Judgment shall be entered accordingly.  Judgment in the criminal case shall be amended sentencing  petitioner to 120 months of imprisonment.  All other terms of the criminal sentence are to remain as originally issued.  Amended  criminal sentence to be issued.

　　　　IT IS SO ORDERED.

　　　　In San Juan, Puerto Rico, this 30 day of  November, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Daniel R. Domínguez
　　　　　　　　　　　　　　　　　　　　　　　　**DANIEL R. DOMINGUEZ**

Civil No. 04-2406(DRD)                                                                                          Page -13-
re: Criminal No. 98-164-3(DRD)

**U.S. DISTRICT JUDGE**